# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>MANUEL LOMA-TORRES,<br><br>        Defendant. | CASE NO. 08-CR-538 IEG<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT FOR VIOLATING DEFENDANT'S RIGHT TO PRESENTMENT**<br><br>**(Doc. No. 12.)** |

Defendant Manuel Loma-Torres has filed a motion to dismiss the indictment in this case for violation of his Fifth Amendment right to presentment. At a hearing on July 7, 2008, the Court took the matter under submission and granted the United States leave to file a supplemental brief in opposition by July 14, 2008. On July 21, 2008, the United States filed a supplemental opposition. The Court now denies the motion.

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V. Under <u>Russell v. United States</u>, an indictment is sufficient if it "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." 369 U.S. 749, 763 (1962).

The indictment in this case alleged in part that "defendant MANUEL LOMA-TORRES (T/N) aka Juan Diego Garcia-Lopez, was removed from the United States subsequent to June 6, 2006."

1  Defendant argues this language is defective in two ways.  First, defendant argues there is no evidence
2  the jury was charged with the legal meaning of "removal."  Without such an instruction, defendant
3  argues the jury may have found probable cause that defendant was physically removed, not lawfully
4  deported. In <u>United States v. Kenny</u>, 645 F.2d 1323 (9th Cir. 1981), the Ninth Circuit explained it was
5  "not persuaded that the Constitution imposes the additional requirement that grand jurors receive legal
6  instructions" and warned that "the giving of such instructions portends protracted review of their
7  adequacy and correctness." <u>Id.</u> at 1347.  Defendant has not cited any decisions holding the grand jury
8  must be instructed on the legal meaning of "removal."  Accordingly, failure to instruct on this point
9  does not violate defendant's right to presentment.

10  Secondly, defendant argues the indictment violated his right to presentment because it did not
11  indicate *which* deportation was presented to the grand jury.  Defendant argues the government may
12  only rely on one deportation and the deportation presented to the petit jury must be the same as the
13  deportation presented to the grand jury.  Defendant does not cite any decisions supporting this
14  argument.  As the government notes, the United States often presents evidence of multiple
15  deportations in Section 1326 prosecutions.  <u>See</u> <u>United States v. Martinez-Rodriguez</u>, 472 F.3d 1087,
16  1092 (9th Cir. Jan. 3, 2007) ("[T]he government was entitled to introduce evidence of both
17  deportations to hedge the risk that the jury may reject the offered proof at one deportation, but not the
18  other.").

19  The Court therefore DENIES without prejudice defendant's motion to dismiss the indictment
20  based on violation of the Fifth Amendment right to presentment.

21
22  IT IS SO ORDERED.
23
24  **DATED: July 25, 2008**
25  *[signature]*
   **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**
26
27
28